**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| V. | * |
| | *   NO: 4:05CR00305   SWW |
| PAMELA DENISE YARBOROUGH, ET AL. | * |

## **ORDER**

On August 21, 2006, the Court held a hearing on Defendant Yarborough's motion to quash the indictment and dismiss count 10. Defendants Kelli Deanne Stafford and Melissa M. Woodall, who had previously entered guilty pleas as to count 10, were also present at the hearing, and they moved to withdraw their guilty pleas. After careful consideration, and for the reasons that follow, the Court finds that Defendant Yarborough's motion should be granted based on an insufficient indictment. However, the Court will defer entering an order of dismissal for a period of seven days following the entry of this order. Additionally, the Court finds that Defendants Stafford's and Woodall's motions to withdraw guilty pleas should be granted.

I.

Defendants Yarborough, Stafford, and Woodall are charged with others in count 10 of the indictment with misprision of felony. The federal misprision of felony statute provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three

years, or both.

18 U.S.C. § 4.

The Eighth Circuit has held that conviction for misprision of a felony requires proof of four essential elements: (1) the commission and completion of a felony; (2) the defendant's knowledge of that fact; (3) the defendant's failure to notify proper authorities; and (4) an affirmative step by defendant to conceal the felony. *See Neal v. United States,* 102 F.2d 643, 646 (8th Cir. 1939).

Count 10 of the indictment in this case reads as follows:

## COUNT 10

(Misprision of a Felony)

1. The grand jury re-alleges Count One of this Indictment as set forth herein.

2. From in or about 2002 through on or about July 22, 2005, in the Eastern District of Arkansas and elsewhere,

> ROY LEE BURNETT, JR
> SAMANTHA AMY MUNRO
> WILLIAM STEVE SPANGLER
> KELLI DEANNE STAFFORD
> MELISSA M. WOODALL
> and
> PAMELA DENISE YARBOROUGH

having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: Conspiracy to Distribute methamphetamine as alleged in Count One of the Indictment, did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, in violation of Title 18, United States Code, Section 4.

Docket entry #1.

## II.

Yarborough moves for dismissal of count 10 on two grounds. First, she asserts that pursuant to her Fifth Amendment privilege against self incrimination, she had no duty to provide information to investigators. Second, she argues that the indictment is defective because it contains no allegation that she took an affirmative step to conceal a crime.

Fifth Amendment Self Incrimination Clause

Yarbrough argues that she cannot be prosecuted for failing to report a felony when doing so could have lead to her own prosecution. The United States asserts that Yarborough could have exercised her Fifth Amendment privilege against self incrimination, but she did not. Instead, after signing a statement and waiver of *Miranda* rights, Yarborough provided officers a statement about her involvement with other defendants named in the indictment in drug trafficking activities.

The United States submits that Yarborough omitted significant information from her statement, revealed by information provided by Defendants Jason Calicott and Meagan Montgomery. Specifically, the United States asserts that Yarborough failed to disclose that she received distribution quantities of methamphetamine in exchange for brokering a meeting that would result in future drug transactions and that Defendant Calicott was involved in drug trafficking and provided her methamphetamine. The United States asserts that by providing only partial, misleading information, Yarborough failed to report a known felony and took an affirmative step to conceal the commission of a known felony in violation of 18 U.S.C. § 4.

The Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely or to give partial, misleading information. S*ee Brogan v. United States,* 118 S. Ct. 805, 810 (1998)(invocation of the Fifth Amendment allows a witness

to remain silent, but not to swear falsely).   The Court finds that the Government has provided evidence that Yarborough gave investigators partial information that was misleading.  As such, the Court finds that the misprision charge against Yarborough is not precluded by the Fifth Amendment's Self Incrimination Clause.  *See U.S. v. Sessions,* 2000 WL 1456903, *1 (8th Cir. 2000)(finding no Fifth Amendment privilege to defeat a misprision prosecution where defendant gave the police "partial information that was misleading); *U.S. v. Weekley,* 389 F. Supp. 2d 1293, 1301 (S.D. Ala. 2005)(finding that defendant's false statements to officers were unprotected under the Fifth Amendment and admissible to convict defendant of misprision of felony).

       Sufficiency of Indictment

Defendant Yarbrough notes, correctly, that count 10 of the indictment contains no allegation that she took an affirmative step to conceal the felony–it only states that she knew about the commission of a felony and did not make it known to proper authorities. The Eighth Circuit has made clear that violation of the misprision statute requires some positive act designed to conceal from authorities the fact that a felony has been committed; mere failure to report a felony is not sufficient.  *See U.S. v. Bolden,* 368 F.3d 1032, 1037 (8th Cir. 2004); *Neal v. United States,* 102 F.2d 643, 646, 650 (8th Cir.1939).  When an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute.  *See United States v. Zangger,* 848 F.2d 923, 925 (8th Cir.1988). Accordingly, the Court finds that the indictment is fatally deficient, and the only remedy is to dismiss count 10. *See U.S. v. Opsta,* 659 F.2d 848, 850 (8th Cir. 1981)("In order to guarantee that a defendant will not be brought to trial except for charges found by a grand jury the rule has been established that an

invalid indictment cannot be cured by amendments or additions except by resubmission to the grand jury."). However, as stated from the bench, the Court will defer entering an order of dismissal for a period of seven days in order to give the parties an opportunity to negotiate waivers of indictment and the filing of a superceding information. In the absence of a superceding information, the dismissal of Count X will be without prejudice to the grand jury's indicting the defendants anew.

### III.

IT IS THEREFORE ORDERED that Defendant Yarborough's motion to quash the indictment and dismiss count 10 (docket entry #496) is granted to the extent that the Court finds that count 10 of the indictment omits an essential element of the crime charged. The Court will defer entering an order dismissing count 10 for a period of 7 days from the entry date of this order.

IT IS FURTHER ORDERED that Defendant Melissa M. Woodall's and Defendant Kelli Deanne Stafford's motions to withdraw guilty pleas as to count 10 are GRANTED.

IT IS SO ORDERED THIS 23RD DAY OF AUGUST, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE